UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.   2:24-cv-09846-AH-(SSCx)                                  Date   February 6, 2025

Title   *Victor Garmendia v. Daikin Comfort Technologies Manufacturing, L.P. et al.*

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                                                  None Present

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND  [14]  [JS-6]**

Plaintiff Victor Garmendia ("Plaintiff") moves to remand this case to the Los Angeles County Superior Court. Mot. to Remand, Dkt. No. 14. Daikin Comfort Technologies Manufacturing, L.P., Daikin Comfort Technologies Distribution, Inc., Daikin Comfort Technologies Northeast, Inc. (collectively "Employers"), and individual Defendant Ryan James Spencer ("Spencer") (collectively "Defendants") oppose the Motion. Opp'n, Dkt. No. 19. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

I.   **BACKGROUND**

This matter arises out of Plaintiff's former employment with Employers. *See generally* Compl., Dkt. No. 1-1. On or about January 15, 2018, Employers hired Plaintiff to work as a driver. *Id.* ¶ 21. Then, on or about March 1, 2023, Plaintiff sustained a back injury while working, which limited Plaintiff's ability to work and constituted a disability. *Id.* ¶ 22. Plaintiff went on disability leave from March 2, 2023, to November 10, 2023. *Id.* ¶ 24. On November 10, 2023, Defendants terminated Plaintiff's employment. *Id.* ¶ 29. Plaintiff alleges that

Defendants discriminated and retaliated against Plaintiff for exercising his right to request medical leave. *Id.* ¶ 30. Plaintiff also alleges that Spencer subjected the Plaintiff to harassment. *Id.* ¶ 31.

On October 9, 2024, Plaintiff filed this action against Defendants in the Los Angeles County Superior Court, No. 24STCV26236. *See generally id.* The Complaint alleges ten causes of action: (1) seven causes of action for violation of the Fair Employment and Housing Act ("FEHA"), including for harassment; (2) a declaratory judgment; (3) wrongful termination in violation of public policy; and (4) defamation. *See generally id.*

Defendants removed the case to federal court on November 14, 2024, asserting diversity jurisdiction based upon complete diversity of citizenship. *See generally* Notice of Removal, Dkt. No. 1. Defendants argue that Spencer is a "sham defendant." *See generally id.*

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants[.]" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.     DISCUSSION

### A.     Fraudulent Joinder

Plaintiff and Spencer are both citizens of California, which would destroy diversity jurisdiction.  Guerra Decl. ¶ 8, Dkt. No. 14-1.  However, Defendants argue that Spencer's citizenship must be disregarded because he is a sham defendant in this case.  Notice of Removal ¶¶ 19–22.

"Although an action may be removed to federal court only where there is complete diversity of citizenship, [] one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citation omitted).  "There are two ways to establish fraudulent joinder[.]" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).  First, there could be "actual fraud in the pleading of jurisdictional facts[.]" *Id.* (internal quotation marks and citation omitted).  Second, joinder can be fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (internal quotation marks and citation omitted).

"The burden of proving fraudulent joinder is a heavy one." *Parra v. Citizens Telecom Servs. Co. LLC*, 2023 WL 5044925, at *3 (C.D. Cal. Aug. 7, 2023).  "'[T]here is a general presumption against fraudulent joinder[.]'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  "The removing party must prove there is no possibility that the plaintiff could prevail on any such cause of action it asserted against the non-diverse defendant." *Id.* (internal quotation marks and citation omitted).  "Merely a glimmer of hope that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotation marks and citation omitted).  "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." *Marin v. FCA US LLC*, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021).  If there is any such possibility against the defendant, "the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary[.]" *Hunter*, 582 F.3d at 1044 (internal quotation marks and citation omitted).

Because remand is required if Plaintiff can sustain just one claim against Spencer, the Court need only to evaluate the sufficiency of Plaintiff's harassment claim (Count Two) under FEHA. *See Kral v. J Choo USA*, 2024 WL 472511, at *2 (C.D. Cal. Feb. 7, 2024). "Under FEHA, an employee who harasses another employee may be held personally liable." *Lewis v. City of Benicia*, 224 Cal.App.4th 1519, 1524 (2014). "The elements of a hostile work environment claim under FEHA are (1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Randall v. Automatic Data Processing Inc.*, 2022 WL 843460, at *3 (C.D. Cal. Mar. 21, 2022) (internal quotation marks and citation omitted).

Plaintiff could establish the harassment claim against Spencer with "a glimmer of hope[.]" *Gonzalez*, 2013 WL 100210, at *4. Plaintiff sustained a back injury while working, which limited Plaintiff's ability to work and constituted a disability. Compl. ¶ 22. Plaintiff alleges that Spencer lied about Plaintiff's work-related injury and that Spencer engaged in this conduct intentionally, for personal gratification, and bigotry. *Id.* ¶ 31. Plaintiff further alleges that the false statements tended to injure Plaintiff in his occupation and/or to expose him to hatred, contempt, ridicule, and/or shame. *Id.* ¶ 28.

Defendants fail to demonstrate that it is "obvious under settled state law" that Plaintiff cannot prevail against Spencer on this claim, and it is possible based on the allegations in the Complaint that Plaintiff could recover against him. *Kral*, 2024 WL 472511, at *3 (internal quotation marks and citation omitted). Defendant argues that Plaintiff cannot state a viable harassment claim against Spencer because Spencer's conduct falls within the scope of necessary job performance. Opp'n at 6–10. However, in *Grancare*, the Ninth Circuit explained that it has "declined to uphold fraudulent joinder rulings where a defendant raises a [] defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." 889 F.3d at 548–49. This is one such case. Moreover, Defendant also argues that Plaintiff cannot state a viable harassment claim against Spencer as a matter of law because Spencer's conduct was not severe or pervasive. Opp'n at 11–13. However, even if Defendant raises valid arguments as to whether such a harassment claim could survive as a matter of law, "the fact that a claim may fail on a motion to dismiss does not necessarily mean that defendant was fraudulently joined." *Palencia Caba v. Caleres, Inc.*, 2022 WL 1138077, at *4 (E.D. Cal. Apr. 18, 2022) (citation omitted); *Parra*, 2023

WL 5044925, at *4 (same).  The Court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550.  Here, even if Plaintiff has not sufficiently alleged that the false statements and other alleged conduct were "severe or pervasive," Plaintiff can plausibly cure any deficiency if granted leave to amend.  *Palencia Caba*, 2022 WL 1138077, at * 3 ("it is possible for a state court to find a valid harassment claim exists, even if there were only a handful of incidents").

Thus, the Court finds that Defendants have not met their heavy burden to show that Spencer was fraudulently joined as a sham defendant.  Accordingly, this Court lacks federal subject matter jurisdiction because the parties are not diverse, and Plaintiff only alleges state causes of action.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand.  The case is remanded to the Los Angeles County Superior Court, No. 24STCV26236.  The Court directs the Clerk of Court to close the case.

**IT IS SO ORDERED.**